# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 15-mj-02125-BPG |
| | * | |
| **SHAUN W. BRIDGES** | * | |
| | * | |
| **Defendant** | * | |
| | ***** | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR UNSEALING

The United States, through its undersigned attorneys, hereby states its opposition to the motion for unsealing filed by defendant Shaun W. Bridges. The government submits that unsealing of the warrant at this time would jeopardize an active and ongoing investigation into criminal conduct by Bridges and others with whom he is working. In sum, the government believes through evidence gathered to date that Bridges, working with others, has committed a series of additional crimes, including crimes that took place both before **and after** the date of the entry of his guilty pleas and sentencing in the Northern District of California in case 15-cr-319 RS (NDCA). Although Bridges himself is in custody on that underlying case at present, his co-conspirator(s) remain at liberty and thus, disclosure of the details contained in the search warrant could jeopardize the new investigation by alerting additional targets of the investigation. In addition, it would alert Bridges as to the government's knowledge and investigation at this point[1] – things that may aid Bridges and/or his co-conspirators in covering up the full extent of their crimes.

Nor does Bridges' stated reason for unsealing the warrant outweigh the government's interest in protecting the secrecy of its ongoing investigation: although Bridges claims he needs to have the facts underlying the warrant in order to get back his property, this ignores the fact that he is in custody and would not be entitled to possess such property in a custodial setting in any event.

---

[1] It should be noted that since the affidavit and search warrant, the government's investigation has yielded additional facts and evidence not discussed in the warrant and affidavit.

Moreover, it ignores the fact that portions of the seized "property" actually belong to the government and was stolen by Bridges, including, for example, a MacBook computer that the government has discovered was property that Bridges stole upon his exit from the U.S. Secret Service.[2]  Finally, the property will not be destroyed and thus, even if Bridges were lawfully entitled to it, he suffers no irreparable harm as a result of the government's possession of property that was seized pursuant to a lawful federal search warrant.

For these reasons and those contained in the government's original sealing motion, the government submits the documents at issue should remain under seal until further order.  The government represents that as soon as the warrant and materials may be unsealed in a manner that will not jeopardize the ongoing investigation, it will so move the Court.


DATED: February 22, 2016					Respectfully submitted,

							RAYMOND N. HULSER
							Chief, Public Integrity Section


							s/ Richard B. Evans
							Trial Attorney
							Department of Justice
							Public Integrity Section
							1400 New York Avenue, NW
							Washington, D.C. 20005
							Phone: (202) 514-1412
							E-mail: richard.b.evans@usdoj.gov

							Kathryn Haun
							William Frentzen
							Assistant U.S. Attorneys
							Northern District of California


Dated: February 22, 2016

---

[2] The Court may not be aware that, although Bridges "resigned" from the U.S. Secret Service, he was first placed on administrative leave given his misconduct and, only once he was apprised of this, did he resign.