# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

June 16, 2016

LETTER TO COUNSEL

RE:   *In re Search Warrants Issued on January 27, 2016*
        Misc. Case No. 16-1613-TJS

        *United States v. Shaun W. Bridges*
        Misc. Case No. 15-2125-BPG

Dear Counsel:

Now pending before the Court is the Motion to Unseal Search Warrant Materials ("Motion") (ECF No. 12) filed by movant Shaun Bridges ("Bridges"). The Government opposes the Motion. (*See* ECF No. 15.) Bridges has not filed a reply and the time for doing so has passed. *See* Loc. R. 105.2. Having reviewed the submissions of the parties, I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

According to the Motion, on January 28, 2016, a search warrant was executed on Bridges' premises in Laurel, Maryland. (ECF No. 12 at 1.) Law enforcement officials seized a number of items, including a computer and other digital property. The search warrant materials remain under seal. Bridges moves to unseal the search warrant materials.[1] Bridges' Motion is based on two legal principles: the common law right of access to judicial records and the Fourth Amendment right of persons subject to searches or seizures. Because Bridges' right of access under the Fourth Amendment is broader than the general common law right of access to judicial records, the Court will consider the Motion under the Fourth Amendment.

The Fourth Circuit has held that the subject of a search warrant has a right under the Fourth Amendment to examine the search warrant affidavit after the search has been conducted. *United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, at *2 (4th Cir. Mar. 9, 2000). *See also In re Search of 14416 Coral Gables Way, N. Potomac, Md.*, 946 F. Supp. 2d 414, 419 (D. Md. 2011); *In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004). This right of access is not absolute. The right may be denied if the Government "demonstrates (1) that a compelling governmental interest requires the materials be kept under seal and (2) there is no less restrictive means, such as redaction, available." *Oliver*, 2000 WL 263954, at *2 (internal quotation marks omitted).

---

[1] The Court refers generally to the search warrant materials as the application for a search warrant, the affidavit, the search warrant, the motion to seal and sealing order, the incorporated attachments, and the executed search warrant return.

In its Response, the Government states that unsealing the warrant materials would "jeopardize an active and ongoing investigation into criminal conduct by Bridges and others with whom he is working." (ECF No. 15 at 1.) Although Bridges is serving a sentence in the Bureau of Prisons, "his co-conspirator(s) remain at liberty." The Government speculates that disclosure of the details contained in the search warrant materials could alert additional targets of the investigation, and potentially aid Bridges and his co-conspirators "in covering up the full extent of their crimes." The Government does not address whether there are less restrictive means, such as redaction, that might serve the same ends as keeping the materials under seal.

The Government downplays Bridges' needs to examine the search warrant materials in connection with his anticipated motion for return of property. Because Bridges is serving a federal prison sentence, the Government argues, he will not be permitted to possess any of the seized property even if it is returned. Furthermore, the Government argues, some of the seized property was stolen from the Government. And in any event, the Government will not destroy any of the seized property, so there will be no irreparable harm if it is determined that the property should be returned to Bridges. These arguments miss the point. Bridges' right to examine the search warrant materials is rooted in the Fourth Amendment. His right is not diminished by the improbability that he will obtain the return of his property under Rule 41(g). As Judge Bennett recognized, implicit in the language of the Fourth Amendment is a right to challenge the reasonableness of a search, and the degree to which a warrant was supported by probable cause. *In re Search Warrants Issued on Apr. 26, 2004*, 353 F. Supp. 2d at 588. Such a challenge cannot be made without access to the affidavit on which a search warrant is based. The burden is on the Government to demonstrate a compelling interest in keeping the search warrant materials under seal. Bridges bears no burden to establish that he has a need to exercise his right of access under the Fourth Amendment.

While safeguarding the integrity of the Government's ongoing investigation may constitute a compelling interest in keeping the search warrant materials under seal, there has been no showing that less restrictive means, such as redaction, would not serve the same purpose. Several months have now passed since the execution of the warrant and it appears that the production of a redacted warrant to Bridges is appropriate. Accordingly, the Court **ORDERS** as follows:

> (1) On or before June 30, 2016, the Government shall produce to counsel for Bridges a redacted set of the search warrant materials;

> (2) If Bridges believes the Government has made more redactions than necessary, he may renew his motion to unseal with the Court; and

> (3) All future filings related to this matter should be made in the related case of *In re Search Warrants Issued on January 27, 2016*, Misc. Case No. 16-1613-TJS.

Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge